IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMOS WAYNE STURGIS,<br><br>    Plaintiff,<br><br>v.<br><br>SAN PABLO POLICE OFFICER ROBERT BRADY, et al.,<br><br>    Defendants. | No. C 08-05363 SBA (PR)<br><br>**ORDER ADDRESSING PENDING MOTION; STAYING PROCEEDINGS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THIS CASE UNTIL THE COURT ISSUES ORDER LIFTING STAY**<br><br>(Docket nos. 2, 7) |

**INTRODUCTION**

Plaintiff filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the San Pablo Police Department officers who arrested him on December 6, 2007. He has also filed a motion for leave to proceed in forma pauperis.

On February 11, 2009, Plaintiff filed a motion for leave to file an amended complaint, and he attached his amended complaint to that motion.

In an Order dated February 20, 2009, the Court granted Plaintiff's motion for leave to file an amended complaint. The Court now conducts its initial review of the amended complaint pursuant to 28 U.S.C. § 1915A. Venue is proper in this district because the allegations in the amended complaint are alleged to have occurred in Contra Costa County, which is located in this district. See 28 U.S.C. § 1391(b).

Before the Court is Plaintiff's motion entitled, "Request to Delay Service of Complaint." In this motion, Plaintiff alleges that criminal proceedings are pending against him in state court, and he is concerned that pursuing this civil rights action against Defendants "may cause [him] to suffer retaliation and make it more difficult to resolve [his] criminal case." (Pl.'s Mot. at 2.) Therefore, he requests this Court to "delay service of [his] complaint in this civil case until after [his] criminal case has been resolved." (Id.)

**BACKGROUND**

Plaintiff alleges that on December 6, 2007, he was arrested "for being in contact with a stolen vehicle." (Am. Compl. at 3.) He claims that Defendants used excessive force during his arrest. He also claims he is facing "false charges" stemming from his arrest. He requests a "stay on the false charges filed by the San Pablo Police Department" and "the return of all person[al] property stolen by Officer [Robert] Brady at the San Pablo Police Department." (Id. at 4.) He also seeks monetary damages.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Aside from alleging excessive force at arrest, Plaintiff also seeks damages for false arrest and imprisonment; such claims, if proven, would require a finding that Plaintiff was arrested without probable cause, in violation of the Fourth Amendment. See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir.1998). In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. See id. at 486-87. A claim for damages bearing such relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487. Although a plaintiff's damages claims will not be barred under Heck if the plaintiff has not yet been convicted, the claims should not go forward if such plaintiff's criminal proceedings are still pending. See Wallace v. Kato, 549 U.S. 384, 393 (2007) (holding Heck does not encompass principle that "an action which would impugn

*an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" (italics in original)). Rather, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94.

Here, in his pending motion, Plaintiff claims that his criminal case is still pending and that his trial is "set for April 20, 2009, but is likely to be postponed." (Pl.'s Mot. at 1.) As mentioned above, Plaintiff asks the Court to delay service of his complaint; however, the Court will construe his request as a motion to stay further proceedings in this matter until his criminal proceedings have concluded. Because Plaintiff has not yet been convicted, the Court finds that a stay is warranted in this action. Accordingly, Plaintiff's motion to stay (docket no. 7) is GRANTED. For the foregoing reasons, the above-titled action is hereby STAYED.

If Plaintiff is convicted and intends to proceed with his claims, he shall file, within **thirty (30) days** of the date the criminal proceedings against him have concluded, a motion asking the Court to lift the stay. If the stay is lifted and the Court finds Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under Heck; if no such finding is made, the action will proceed at that time, absent some other bar to suit.[1]  See Wallace, 549 U.S. at 394.

Leave to proceed in forma pauperis (docket no. 2) is GRANTED. The Clerk of the Court is hereby directed to ADMINISTRATIVELY CLOSE the case.

This Order terminates Docket nos. 2 and 7.

IT IS SO ORDERED.

DATED: 4/29/09

/s/ Saundra B Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] And to whatever extent Plaintiff seeks to challenge the legality of his detention, his sole remedy is to file a petition for writ of habeas corpus under 28 U.S.C. § 2241 after exhausting state judicial remedies. See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003); Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980). Any such claim is dismissed without prejudice.

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LAMOS WAYNE STURGIS,

        Plaintiff,

  v.

CITY OF SAN PABLO POLICE
DEPARTMENT et al,

        Defendant.

Case Number: CV08-05363 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 30, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lamos Wayne Sturgis F-28185
Contra Costa County Detention Facility
901 Court Street
Martinez, CA 94553

Dated: April 30, 2009

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.08\Sturgis5363.Heck-stay.wpd  4