IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMOS WAYNE STURGIS,<br><br>    Plaintiff,<br><br> v.<br><br>SAN PABLO POLICE OFFICER ROBERT BRADY, et al.,<br><br>    Defendants.<br>_____/ | No. C 08-05363 SBA (PR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; SERVING COGNIZABLE CLAIMS; AND REFERRING CASE TO PRO SE PRISONER SETTLEMENT PROGRAM** |

    On November 26, 2008, Plaintiff filed a <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983 against various San Pablo Police Officers, who arrested him on December 6, 2007 for being in contact with a stolen vehicle. Dkt. 1. On February 11, 2009, Plaintiff filed an amended complaint. Dkt. 6. On April 30, 2009, the Court stayed these proceedings because it appeared that criminal proceedings had not yet completed. Dkt. 10. The Court also granted Plaintiff leave to proceed <u>in forma pauperis</u> ("IFP") and directed the Clerk of the Court to administratively close this case.

    Thereafter, Plaintiff filed a request to lift the stay in this case on the grounds that all criminal proceedings have concluded. Dkt. 21. On November 25, 2013, the Court granted Plaintiff's request to lift the stay and directed the Clerk to reopen the case file. Dkt. 22.

    On April 16, 2014, the Court received Plaintiff's second amended complaint ("SAC") and an implied motion for leave to file his SAC. Dkt. 23. The Court notes that the following Defendants named in this action have not yet been served at this time: Defendants Officers Robert Brady, Neece Lafayette, Perrilla and McDevitt as well as the City of San Pablo. Plaintiff may as a matter of course amend his complaint because a responsive pleading has not yet been served. <u>See</u> Fed. R. Civ. P. 15(a). Although Plaintiff previously filed an amended complaint (dkt. 6), the Court, in the interests of justice, allows Plaintiff to amend his complaint a second time. <u>See</u> <u>Janicki Logging Co.</u>, 42 F.3d at 566. Therefore, the Court GRANTS Plaintiff's implied motion for leave to file his SAC and screens the SAC below.

    On May 21, 2014, Plaintiff filed a motion to have the U.S. Marshal serve Defendants

in this matter.  Dkt. 24.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

### II. Legal Claims

In his SAC, Plaintiff alleges that officers from the San Pablo Police Department used excessive force when they arrested him on December 6, 2007.  He claims that they were also deliberately indifferent to his medical needs.  Finally, he alleges that the officers' aforementioned actions violated provisions of the state law claim of intentional infliction of emotional distress ("IIED").  Plaintiff seeks monetary damages.

#### A. Excessive Force Claim

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard.  See Graham v. Connor, 490 U.S. 386, 394-95 (1989); Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994), cert. denied, 513 U.S. 1152 (1995).  "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake."  See Graham, 490 U.S. at 396 (citations omitted).

In his SAC, Plaintiff alleges that during his arrest on December 6, 2007, Defendants Brady and Lafayette struck him with "blows and punches with their firsts to the back of [his] head after he had shouted 'I give up,' and was laying face-down on the ground." SAC at 4. Defendants Brady and Lafayette handcuffed Plaintiff and removed his ID from his pocket, while he remained face-down on the ground. Plaintiff claims Defendant McDevitt then walked past him with a dog named "K-9 Doc" and gave the dog a command in a foreign language. Id. at 5. The dog "began biting [Plaintiff] on [his] back[,] hip, [and] shoulder . . . while [he] remained face-down and in restraints." Id. Plaintiff pleaded for the officers to stop the dog from biting him; however, Defendant McDevitt waited three minutes before giving the dog another command to stop. In addition, Plaintiff claims that Defendant McDevitt had been recording the dog's attack with a video camera. Plaintiff claims that he was "held on the ground for approximately 3 hours, with no medical attention . . . [and] he was bleeding profusely from the wounds inflicted by the dog." Id. None of the officers offered to help Plaintiff. Plaintiff was then taken to the County Jail where he was given medical treatment. Liberally construed, Plaintiff's SAC states a cognizable Fourth Amendment excessive force claim.

### B.     Deliberate Indifference Claim

Plaintiff's allegations also state a claim for deliberate indifference to his serious medical needs. Plaintiff states that he suffered from "multiple injuries as a result of the dog bites and the punches thrown by the officers." SAC at 6. He claims that Defendants refused to provide him with medical treatment for his injuries until three hours *after* the incident.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A pre-trial detainee's claim for deliberate indifference to medical needs derives from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)).

In sum, Plaintiff has adequately pled cognizable claims for the use of excessive force and for deliberate indifference to his medical needs.

### C. State Law Claim

Plaintiff alleges that Defendants' alleged use of excessive force on December 6, 2007 violated provisions of California's tort of IIED. The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" 28 U.S.C. § 1367(a).

Liberally construed, Plaintiff's allegations satisfy the statutory requirement. Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff's state law claim of IIED.

## III. Defendants

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" violation of his protected rights. Id. at 634.

### A. Named Defendants

Plaintiff identifies Defendants Brady, Lafayette and McDevitt by name in the body of his SAC, and he has linked his claims to these Defendants. Therefore, the Court finds that Plaintiff has stated cognizable claims for the use of excessive force and for deliberate indifference to his medical needs against Defendants Brady, Lafayette and McDevitt stemming from their actions on December 6, 2007.

Plaintiff has also identified Defendant Perrilla in the caption of his SAC. SAC at 1-2.

4

However, Plaintiff did not list Defendant Perrilla under the heading "Defendants" on the complaint form. Id. at 2. Further, no facts pertaining to this defendant are alleged in the SAC in the "Statement of Facts and Claims" section. Id. at 4-6. As such, no plausible claim has been alleged against Defendant Perrilla in the SAC. If Plaintiff intends to sue Defendant Perrilla as a supervisor, he must allege that Defendant Perrilla "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has not made such a claim. Because Plaintiff has not linked Defendant Perrilla to his allegations in the SAC, this claim cannot proceed against this Defendant. Accordingly, Plaintiff's claim against Defendant Perrilla is DISMISSED without prejudice.

### B.     Municipal Liability Defendant

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. No. 40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

Plaintiff alleges that the officers' use of force at his December 6, 2007 arrest was sanctioned by the City of San Pablo. Liberally construed, Plaintiff's allegation is sufficient to state a cognizable municipal liability claim against the City of San Pablo. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002) (holding that it is improper to dismiss on the pleadings alone a § 1983 complaint alleging municipal liability even if claim is based on nothing more than bare allegation that individual employee's conduct conformed

to official policy, conduct or practice); accord Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993) (allegations of municipal liability do not require heightened pleading standard).

**IV.     Pro Se Prisoner Settlement Program**

The Northern District of California has established a Pro Se Prisoner Settlement Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Nandor Vadas.

Good cause appearing, the Court GRANTS Plaintiff's request and the present case will be REFERRED to Magistrate Judge Vadas for settlement proceedings pursuant to the Pro Se Prisoner Settlement Program. The proceedings shall take place within **ninety (90) days** after the date of this Order. Magistrate Judge Vadas shall coordinate a time, date and place for a settlement proceeding with all interested parties and/or their representatives and, within **ten (10) days** after the conclusion of the settlement proceedings, file with the Court a report regarding the settlement proceedings.

**CONCLUSION**

For the foregoing reasons, the Court hereby orders as follows:

1.     Plaintiff's implied motion for leave to file his SAC is GRANTED. The Clerk is directed to file his SAC, which is labeled "Second Amended Complaint" (dkt. 23), and docket the aforementioned document as filed on April 16, 2014, the date it was received by the Court.

2.     Because Plaintiff has been previously granted leave to proceed IFP, he may rely on the officers of the Court for service. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). Therefore, the Court GRANTS Plaintiff's motion to have the U.S. Marshal serve Defendants in this matter.. Dkt. 24.

3.     Plaintiff states cognizable claims for the use of excessive force and for deliberate indifference to his serious medical needs against Defendants Brady, Lafayette and McDevitt, and a cognizable municipal liability claim against the City of San Pablo.

4.     Plaintiff's claim against Defendant Perrilla is DISMISSED without prejudice.

6

5. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the SAC and all attachments thereto (dkt. 23) and a copy of this Order to: **San Pablo Police Officers Robert Brady, Neece Lafayette and McDevitt as well as the City of San Pablo.** The Clerk shall also mail a copy of the SAC and a copy of this Order to the City Attorney's Office in San Pablo. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

6. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and SAC. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

7. Defendants shall answer the SAC in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date the answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be

7

accompanied by a Rand[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the face of the SAC, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. Albino v. Baca, No. 10-55702, slip op. at 4 (9th Cir. Apr. 3, 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is *not* clear on the face of the SAC, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. Id. If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. Id. at 4-5. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. Id. at 5, 10.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

      c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is

---

[1] Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).

8

no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your SAC says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to exhaust is clear on the face of the SAC -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your SAC insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. Albino, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

        d.      Defendants shall file a reply brief no later than **fourteen (14) days** after

the date Plaintiff's opposition is filed.

  e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

 8. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

 9. All communications by Plaintiff with the Court must be served on Defendants by mailing a true copy of the document to Defendants' counsel.

 10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

 11. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

 12. This action has been referred to the Pro Se Prisoner Settlement Program. The Clerk shall provide a copy of this Order to Magistrate Judge Vadas in Eureka, California.

 13. This Order terminates Docket no. 24.

IT IS SO ORDERED.

DATED: 7/23/14

              _____
              SAUNDRA BROWN ARMSTRONG
              United States District Judge